

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 18, 1957

Hon. J. E. Winfree, Chairman
Committee on Criminal Jurisprudence
House of Representatives
Austin, Texas

Opinion No. WW-27

Re: Effect on extradition
proceedings of H. B.
57, which would amend
Art. 602, V. P. C., so
as to reduce the first
offense of wife and
child desertion to a
Dear Mr. Winfree:                          misdemeanor.

Your request for an opinion reads as follows:

"Would the reduction of the penalty for the
first offense of wife and child desertion from a
felony to a misdemeanor have an adverse effect on
extradition proceedings and make it more diffi-
cult to obtain extradition under the Uniform Re-
ciprocal Enforcement of Support Act?"

This opinion is limited to the legal effect on extradition
proceedings, and does not purport to comment on the practical
effect on such proceedings, if any, which may arise as a result
of reducing the first offense of wife and child desertion to a mis-
demeanor.

The section of the Uniform Reciprocal Enforcement of Support
Act pertaining to the extradition of persons charged with failure
to provide support (Sec. 5, Article 2328b-2, Vernon's Civil Statutes)
describes the offense as a crime. It does not distinguish between
a felony and a misdemeanor. The Uniform Criminal Extradition Act
(Article 1008a, V. C. C. P.) provides for the inter-state rendition
of "any person charged with treason, felony, or other crime." (Em-
phasis added.) "The word 'crime' of itself includes every offense,
from the highest to the lowest in grade of offenses, and includes
what are called 'misdemeanors' as well as treason and felony." Ex
parte Kentucky v. Dennison, U. S. Sup. Ct., 24 How. 66, 16 L. Ed 717
(1861).

The use of the word crime in the Uniform Criminal Extradition Act includes misdemeanors as extraditable offenses. Ex parte Estep, Ct. Crim. App. Tex., 276 S. W. 2d 284 (1955). The word crime, therefore, as used in the Uniform Reciprocal Enforcement of Support Act, includes misdemeanors as well as felonies.

Sec. 24, Article 1008a, V. C. C. P., provides the method of paying the necessary expenses of the state's agent who returns a fugitive to Texas. Since Article 1008a includes a fugitive who has committed a misdemeanor as well as one who has committed a felony, payment of the expenses of the state's agent to return to Texas one charged with a misdemeanor is authorized, if allowed by the county commissioners court.

Sec. 14, Article 1008a, V. C. C. P., provides that arrest without warrant for purposes of extradition may be made only where the accused stands charged with a crime punishable by death or imprisonment for a term exceeding one (1) year. It is recommended, therefore, that the maximum punishment to be affixed to the offense be set at imprisonment for a period in excess of one year in order to facilitate arrest.

All states and territories, except New York and the Virgin Islands, have now enacted the Uniform Reciprocal Enforcement of Support Act. New York and the Virgin Islands have adopted The Uniform Support of Dependents Law, "which is sufficiently similar to the Uniform Reciprocal Enforcement of Support Act to permit reciprocity between those states which have adopted either law." Vol. 9A, Uniform Laws Annotated.

We hold, therefore, that the reduction of the penalty for first offense of wife and child desertion from a felony to a misdemeanor will not have an adverse effect on extradition proceedings, as long as the act provides for a punishment exceeding one year.

## SUMMARY

Reduction of penalty for first offense
of wife and child desertion from a
felony to a misdemeanor will not have
an adverse effect on extradition pro-
ceedings, as long as the act provides
for a punishment exceeding one year.

Yours very truly,

WILL WILSON
Attorney General

By *Riley Eugene Fletcher*

Riley Eugene Fletcher
Assistant

REF:ms

APPROVED:

OPINION COMMITTEE
H. Grady Chandler
Chairman